UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

State of Minnesota,                                                            Crim. No. 11-385 (PAM)

             Plaintiff,

v.                                                   **MEMORANDUM AND ORDER**

Christopher Eckman,

             Defendant.

---

This matter is before the Court on Defendant's Notice of Removal of his state-court prosecution from Minnesota state court. Defendant is currently being prosecuted in Minnesota state court for criminal damage to property and riot in the second degree. Defendant has been civilly committed to the Minnesota Sex Offender Program in Moose Lake, Minnesota, and the charges apparently arise out of an incident or incidents at that facility. He claims that he has been charged with crimes in order for the facility to cover up its deliberate refusal to offer him and other civilly committed persons any rehabilitative care or treatment.

The federal removal statute provides that this Court must examine a notice of removal in a criminal case "promptly" to determine whether removal should not be permitted. 28 U.S.C. § 1443(c)(4). Because the Notice of Removal here clearly shows that removal is improper, this case must be summarily remanded.

Defendant argues that removal is appropriate because the facility, and by extension,

the State of Minnesota in prosecuting him, is violating his constitutional rights, including his rights under the 8th and 14th Amendments, by mistreating him during his confinement, refusing to treat him for his mental illness, and a host of other alleged bad acts by the facility. Defendant contends that these alleged constitutional violations are a federal question that gives rise to the right of removal under 28 U.S.C. § 1441(b). However, § 1441(b) applies only to civil actions, not criminal actions. Thus, there is no general federal question jurisdiction over state criminal prosecutions and Defendant cannot remove his pending prosecution on this basis.

Section 1443, however, does provide for the removal of state criminal prosecutions in certain limited circumstances. 28 U.S.C. § 1443. Unfortunately for Defendant, this section also provides no basis for the removal of his prosecution to this Court.

The Supreme Court has made clear that the removal of criminal prosecutions under § 1443 is permissible only in certain types of cases involving racial discrimination. Georgia v. Rachel, 384 U.S. 780, 792 (1966). "Claims that prosecution and conviction will violate rights under constitutional or statutory provisions of general applicability . . . do[] not, standing alone, satisfy the requirements of § 1443(1)." Johnson v. Mississippi, 423 U.S. 213, 219 (1975). As the Eighth Circuit has explained, "[s]ection 1443 applies only to denials of specific rights of racial equality and not the whole gamut of constitutional rights." United States ex rel Sullivan v. State, 588 F.2d 579, 580 (8th Cir. 1978) (per curiam). Indeed, a person seeking to remove a state criminal case to federal court under § 1443 "must show that he relies upon a law providing for equal civil rights stated in terms of racial equality." Neal

2

v. Wilson, 112 F.3d 351, 355 (8th Cir. 1997).

Defendant has not alleged that he is the victim of any sort of racial discrimination or that he is being prosecuted in violation of a specific statute barring racial discrimination. Thus, to the extent that his grounds for removal depend on § 1443, those grounds fail as a matter of law. See Mem. Opn. & Order at 4, City of West St. Paul v. Duchene, Crim. No. 10-12 (Docket No. 5) (D. Minn. Feb. 19, 2010) (Montgomery, J.) (finding that defendant could not remove state criminal prosecution because "she has not shown (or even alleged) that she is being prosecuted in violation of a specific statute barring racial discrimination"); see also State of Minnesota v. Jenkins, 145 F. App'x 564 (8th Cir. 2005) (remand proper when defendant "failed to show sufficient grounds to support his invocation of section 1443").

Defendant's criminal case must proceed in Minnesota state court. During the course of that case, "Defendant will, of course, retain the entire array of protections afforded by federal law and the United States Constitution . . . ." Duchene, slip op. at 5. Moreover, the Court is confident that the Minnesota state courts can and will ensure that Defendant's rights are protected. If he is ultimately convicted, and if, after exhausting his state appeal rights, he is convinced that the state courts did not protect his constitutional rights, he may seek a writ of certiorari to the United States Supreme Court. But mere allegations that the state courts might not protect his generally applicable constitutional rights do not warrant removal of this prosecution to federal court.

Accordingly, **IT IS HEREBY ORDERED that**:

3

1. The Notice of Removal (Docket No. 2) is **VACATED**; and

2. This case is **REMANDED** to the Minnesota State Court Sixth Judicial District, Carlton County.

Dated:  January 5, 2012

                                             s/Paul A. Magnuson
                                             Paul A. Magnuson
                                             United States District Court Judge